*172 JUSTICE COTTER
dissents.
¶14 At ¶ 10, the Court faults Ely’s counsel for failing to refer "... to Ely’s constitutional right to refuse consent to a warrantless search.” In my view, Ely’s counsel made reference to Ely’s constitutional rights, although not in the precise language the Court would like. Specifically, Ely’s counsel asked the court for a short recess when he knew Officer Cannon was about to testify that Ely refused to voluntarily give a urine sample. While out of the presence of the jury, Ely’s counsel stated: “I don’t believe the State has authority over a refusal by the defendant, especially a custodial defendant, to give voluntarily what is potentially incriminatory evidence.” Later in the colloquy with the court, he said: “The defendant has a right to not voluntarily offer urine samples or blood samples or any other type of bodily sample.” Thus, twice, Ely’s counsel, while perhaps unartfully, made reference to the defendant’s right to refuse to voluntarily give up his bodily fluids to a police officer on his request. Granted, the defendant’s attorney did not speak in the specific terms of Ely’s “right to refuse consent to a warrantless search,” but his objection was, in my judgment, specific enough to raise the issue.
¶15 Second, the Court says that Ely’s counsel failed to argue that admission of the testimony would impermissibly penalize Ely for having asserted a constitutional right. Ely, ¶ 10. While again, I agree that he did not specifically state that "... the testimony would impermissibly penalize Ely ...” the potential prejudicial impact of the testimony was the whole basis for his objection and the record he made. He clearly argued prejudice, which is surely akin to “penalize.”
¶16 Counsel for the defendant may not have stated his objections as succinctly as the Court would like, but in my view, there is no question that he preserved his objection adequately for review on appeal. I think we have far too finely parsed the language of Ely’s objection, which does not bode well for the competent but less articulate among us.
¶17 I would not find that Ely changed his legal theory and argument on appeal. I would address Ely’s objection on the merits, and I would conclude that the District Court, having been forewarned of the State’s intention to introduce evidence of Ely’s refusal to voluntarily give a urine sample, and allowing it anyway over the objection of the defendant, abused its discretion. I would therefore reverse. I dissent from our refusal to do so.